## In re FOX.

(Supreme Court, Appellate Division, First Department.  May 31, 1912.)

1. ATTORNEY AND CLIENT (§ 46*)—DISBARMENT—DEFENSES.

   The repayment of moneys misappropriated by an attorney after the commencement of disbarment proceedings against him is not a defense to the charge.

   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 71; Dec. Dig. § 46.*]

2. ATTORNEY AND CLIENT (§ 117*)—DUTIES OF ATTORNEY.

   An attorney is censurable for not returning money received for a client as soon as he learned that it really belonged to the client, even if he did not know when it was first received that it belonged to the client.

   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 234, 235; Dec. Dig. § 117.*]

In the matter of Irving C. Fox, an attorney.  On return of the report of the referee.  Report approved, except as stated.

See, also, 146 App. Div. 937, 131 N. Y. Supp. 1115.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John Neville Boyle, of New York City, for petitioner.

George Gordon Battle, of New York City, for respondent.

PER CURIAM.  These charges were referred to the official referee, who has reported that the charges before him have not been proved by a preponderance of credible evidence, and for that reason reports that the charges should be dismissed.

An examination of the evidence discloses that the case was one which depended entirely upon the credibility of the witnesses.  While we think the explanation of the respondent is not satisfactory, we are not disposed to disagree with the referee, who has had the witnesses before him and has had a much better opportunity of judging of their credibility, and we, therefore, with one exception, confirm his report.

The learned referee, in speaking of the second charge against the respondent, recommends that it should be dismissed upon his payment of the sum of $40 to Mrs. Kate Q. Johnson, who is clearly entitled to it.

[1] This court has consistently refused to consider the repayment of moneys that have been misappropriated by an attorney after the commencement of the proceedings against him as in any way affecting the charge.  The respondent either fraudulently misappropriated the money, in which case he should be disciplined, or his retaining that sum of money was justified.  He admits he received the money for his client, and his explanation is that the money was received during his absence and used for defraying office expenses, and the respondent was not told about the receipt of the money on his return or until the charges were preferred against him.

[2] The referee has accepted this explanation, and the respondent is to be censured for not returning the money as soon as his attention was called to its receipt.  The proceedings are not dismissed upon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his making that repayment, but because of the fact that his explanation was satisfactory to the referee and excused his not repaying the money. These proceedings are never used as a means of enforcing the claim of a client against an attorney, and the payment of money after charges are preferred is not of the slightest consequence in determining the question of a respondent's misconduct.

The report of the referee is approved, with the exception of the particular mentioned.